IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2192-FL

| | |
|---|---|
| MARCUS ST. JOHN REECE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERIC H. HOLDER; WARDEN SARA ) | |
| M. REVELL; AND CHARLES E. ) | |
| SAMUELS, JR., ) | |
| ) | |
| Respondents. ) | |

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243. Also before the court are petitioner's motion for entry of default (DE # 7), motion to amend (DE # 8), and demand for default judgment (DE #9).

The court allows petitioner's motion to amend as a matter of course. See Fed. R. Civ. P. 15(a). The court now conducts its preliminary review, pursuant to § 2243, of petitioner's petition and amended pleading. Section 2243 provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

A § 2241 petition is used to challenge the execution of a sentence. 28 U.S.C. § 2241; United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). Although petitioner's allegations largely are unclear, he appears to argue that his pending United States Immigration and Customs Enforcement

detainer is "null and void" due to his status as a Moorish American.[1] Am. Pet. p. 21. Petitioner's status as a Moorish American, however, is insufficient grounds to invalidate his detainer. See El v. South Carolina, No. 3:11-3100-MBS, 2012 WL 1605118, at *2 (D.S.C. May 8, 2012) ("The suggestion that Petitioner is entitled to avoid the imposition of a detainer for crimes he was convicted of in the State of South Carolina because of his membership as a 'Moorish-American' is meritless."); Brown v. Taylor, No. 11-4709(NLH), 2011 WL 3957533, at n.1 (D.N.J. Sept. 7, 2011) ("[T]o the degree that the Petition could be construed as challenging Petitioner's detention on the grounds of his 'Moorish citizenship' and related to his 'Moorish citizenship,' Petitioner's self-proclaimed 'immunity,' Petitioner's claims are facially frivolous and subject to dismissal."). Based upon the foregoing, petitioner's action is DISMISSED as frivolous.

In summary, petitioner's motion to amend (DE # 8) is GRANTED, but the action is DISMISSED as frivolous. Due to the fact that respondent has not been served, and the fact that the court dismissed this action as frivolous, petitioner's motion for entry of default (DE # 7) and demand for default judgment (DE #9) are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 6th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] The court notes that petitioner was released from his federal sentence on September 17, 2012. www.bop.gov.